# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00429-COA

DAVID STRAWN                                                       APPELLANT

v.

SOUTHERN ROOTS SALON & DAY SPA, LLC                               APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2025 |
| TRIAL JUDGE: | HON. KENT E. SMITH |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH ALLEN WEEDEN |
| ATTORNEY FOR APPELLEE: | CHRISTY VINSON MALATESTA |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/28/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     David Strawn filed a premises liability complaint against Southern Roots Salon and Day Spa LLC (Southern Roots) for injuries he sustained when his leg fell through a board on the salon's front porch.  Southern Roots filed a motion for summary judgment, which the Union County Circuit Court granted.

¶2.     Strawn now appeals the circuit court's grant of summary judgment in favor of Southern Roots.  On appeal, Strawn argues that he presented sufficient evidence to establish a genuine issue of material fact with respect to each element of his premises liability claim. After reviewing the record and arguments of the parties, we find no error; therefore, we affirm the circuit court's order granting summary judgment in Southern Roots' favor.

## FACTS

¶3. On July 8, 2020, Strawn accompanied his father to Southern Roots in New Albany, Mississippi, for a haircut. After assisting his father inside, Strawn stepped onto the front porch to take a phone call. While standing on the porch, Strawn's leg broke through a board, causing him to fall partially through the deck. Strawn sustained injuries to his leg as a result of the fall.

¶4. Strawn filed suit against Southern Roots on July 5, 2023, alleging premises liability. Specifically, Strawn claimed that Southern Roots failed to maintain its premises in a reasonably safe condition and failed to warn him of the dangerous condition on the porch. Southern Roots denied liability and asserted multiple affirmative defenses, including that it lacked any notice of a defect on the porch and that Strawn could not demonstrate the length of time the defective condition allegedly existed on Southern Roots' premises.

¶5. After discovery, Southern Roots moved for summary judgment, arguing that Strawn could not establish that the salon created the alleged dangerous condition on the porch or had actual or constructive notice of it. Southern Roots attached the following exhibits in support of its motion for summary judgment: Strawn's complaint, Southern Roots' answer and affirmative defenses, excerpts from Strawn's deposition, and excerpts from the deposition of Samantha Phifer, one of the owners of Southern Roots.

¶6. Strawn filed a late response opposing summary judgment. Strawn attached the following exhibits in support of his response: a letter written by Chad Austin, a contractor, providing his "expert opinion" that Southern Roots' building was not "up to code" and presented a danger to customers; photographs of the porch taken after Strawn fell through

2

the board; and excerpts from Strawn's and Phifer's depositions. On the day of the hearing, Strawn filed a supplemental exhibit to his response to Southern Roots' summary judgment motion. The exhibit was a screenshot of text messages between Strawn's wife and Phifer regarding Strawn's injury.

¶7. After a hearing, the circuit court granted summary judgment in favor of Southern Roots. In its order, the circuit court found that Strawn failed to produce evidence creating a genuine issue of material fact as to whether Southern Roots had actual or constructive knowledge of the alleged dangerous condition or the length of time the condition existed on Southern Roots' premises. This appeal followed.

## STANDARD OF REVIEW

¶8. We review an order granting summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). Southern Roots, as the movant, "bears the burden of demonstrating that no genuine issue of material fact exists." *Venture Inc. v. Harris*, 307 So. 3d 427, 432 (¶15) (Miss. 2020). In responding to a summary judgment motion, Strawn, as the nonmoving party, "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "Summary judgment is

3

mandated where the nonmoving party fails to show evidence sufficient to establish the existence of an essential element to his case." *Byram Café Grp. LLC v. Tucker*, 344 So. 3d 844, 846 (¶11) (Miss. 2022).

## DISCUSSION

¶9.     Strawn argues that the circuit court erred in granting summary judgment in Southern Roots' favor because genuine issues of material fact exist, specifically, whether Southern Roots caused the dangerous condition that led to Strawn's fall and injury and whether Southern Roots had actual or constructive knowledge of the defective porch. Strawn also argues that the circuit court erred in finding that Strawn failed to establish the breach of duty element of his negligence claim.

¶10.     "To prevail in a negligence action, such as a premises-liability case, the plaintiff must prove each element of negligence: duty, breach of that duty, proximate causation, and damages or injury." *Venture*, 307 So. 3d at 432 (¶19). In premises liability cases, we apply a three-step process in determining whether the owner of a property is liable to an injured party. *Leffler v. Sharp*, 891 So. 2d 152, 156 (¶10) (Miss. 2004). "The first step consists of classifying the status of the injured person as an invitee, licensee, or a trespasser." *Id*. The second step is to identify what duty was owed to the injured party, and "[t]he third step is to determine whether this duty was breached by the landowner or business operator." *Id*.

¶11.     Regarding the first step, both parties agree that Strawn was an invitee when he arrived at the hair salon with his father. "[A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their

4

mutual advantage[.]" *Id*. at (¶11) (emphasis omitted).

¶12.    Because Strawn was an invitee, Southern Roots owed him "[a] duty . . . to keep its premises in a reasonably safe condition and to warn of dangerous conditions [that were] not readily apparent to [Strawn]." *Lasseter v. AWH-BP Jackson Hotel LLC*, 380 So. 3d 232, 236 (¶13) (Miss. 2024).  The supreme court has explained that "[a]ll business owners have the duty to ensure that their premises are reasonably safe. If the owner is aware of a dangerous condition that is not readily apparent to invitees, the owner has a duty to warn invitees of the dangerous condition." *Id*.  This includes "a duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Wilbanks v. Hickman*, 198 So. 3d 393, 397 (¶12) (Miss. Ct. App. 2016) (internal quotation mark omitted).

¶13.    To show that Southern Roots breached its duty to him, Strawn must

> (1) show that some negligent act of [Southern Roots] caused his injury; or, (2) show that [Southern Roots] had actual knowledge of a dangerous condition and failed to warn [Strawn]; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to [Southern Roots], in that [Southern Roots] should have known of the dangerous condition.

*Lasseter*, 380 So. 3d at 237 (¶15).  Strawn must "furnish sufficient evidence under at least one of these theories" in order to survive summary judgment. *Walker v. Cell. S. Inc.*, 309 So. 3d 16, 24 (¶29) (Miss. Ct. App. 2020).

¶14.    As for the first factor, Strawn asserts that the circuit court erred in finding that no genuine issue of material fact existed as to whether Southern Roots caused a dangerous condition that led to Strawn's fall and subsequent injury.  However, as explained by the circuit court, Strawn did not allege in his complaint that Southern Roots caused the defective

5

condition. Because Strawn raised this issue for the first time on appeal, it is procedurally barred. *Barker v. Ivory*, 381 So. 3d 357, 360 (¶¶12-13) (Miss. 2024).[1] Additionally, our review of the record shows that Strawn offered no evidence that a negligent act of Southern Roots caused his injury.

¶15. As for the remaining factors, Strawn argues that he met his burden of showing that Southern Roots had both actual and constructive notice of the porch's defective condition. Under the actual-knowledge premises liability theory, Strawn must show that Southern Roots had actual knowledge of a "dangerous condition" and failed to warn Strawn of that condition. *Walker*, 309 So. 3d at 26 (¶36). "[A]ctual knowledge requires proof that a property owner knows of a current dangerous condition or should know of the danger from a past history of accidents." *Fairchild v. KS Ocean Springs Real Est. LLC*, 403 So. 3d 713, 724 (¶28) (Miss. Ct. App. 2025).

¶16. Strawn included the following exhibits with his response opposing summary judgment: a one-page letter Austin wrote providing his "expert opinion" that Southern Roots' building was not up to code and presented a danger to customers; photographs of the porch taken after Strawn fell through the board; and excerpts from Strawn's and Phifer's depositions. Strawn maintains that the photographs of the porch, along with Phifer's deposition testimony that the salon owners regularly parked in the front of the salon in clear

---

[1] Additionally, in his appellate brief, Strawn provided no facts or arguments in support of this assignment of error. Under the heading for this issue, Strawn simply states: "Plaintiff restates the arguments and citations above in addressing this issue of error." Strawn's failure to cite legal authority in support of this issue is a procedural bar on appeal. *Herrin v. Perkins*, 282 So. 3d 727, 733 (¶21) (Miss. Ct. App. 2019).

view of the porch, show that Southern Roots had actual knowledge of the porch's defective condition. Strawn also asserts that the condition of the porch would have been obvious upon a reasonable inspection of the premises. Additionally, Strawn claims that he submitted "overwhelming evidence . . . sufficient to at least raise a plausible, reasonable possibility" that Southern Roots knew or should have known of the defective porch condition. Specifically, Strawn cites Phifer's testimony that in 2018, prior to opening the salon, the owners hired a carpenter to make necessary repairs to the porch. Strawn argues that the fact the porch needed repairs in 2018 proves that the owners knew it was defective in 2020.

¶17. We now turn to examine whether Strawn presented sufficient evidence to create a genuine issue of material fact as to whether Southern Roots breached its duty to him.

¶18. The one-page letter from Strawn's purported expert witness, Austin, reflects that Austin reviewed the photographs of the porch taken by Strawn after the accident and opined that the porch was defective. Austin's letter, which Strawn refers to as Austin's expert opinion, states in full as follows:

> In regard to the front porch and ramp where Mr. David Strawn was injured, I have reviewed the photos taken a few days after the injury occurred and will share my expert opinion.
>
> I feel the front structure of the building was not up to code and a danger to customers. The boards are both bowed and sagging in different areas. The front structure in which the accident occurred was in need of replacement for the safety of those using it.
>
> I base my expert opinion off of the years of experience in both residential and commercial construction. I was the Senior Project Manager for Ronald Franks Construction who is a licensed contractor in multiple States in the Southeast region. The home office is in Savannah, TN. I was employed with this company for eighteen (18) years and for the last three (3) years the

7

owner/operator of Tool Slingers Construction Services, LLC in Corinth, MS.

¶19.    At the summary judgment hearing, counsel for Southern Roots objected to Strawn's request to admit Austin as an expert witness, arguing that Strawn failed to comply with the discovery requirements for expert witnesses provided by Mississippi Rule of Civil Procedure 26(b)(4).[2]  When questioned by the circuit judge, Strawn admitted that he did not file an expert designation.  The judge did not make a clear ruling regarding Austin's "expert opinion" from the bench; however, the circuit court's order granting summary judgment reflects that the court did not admit Austin as an expert witness or consider his opinion.

¶20.    On appeal, Strawn argues that the circuit court erred by not considering Austin's opinion.  However, Strawn failed to cite relevant legal authority in support of his argument, thereby barring it from our consideration.  *Herrin*, 282 So. 3d at 733 (¶21); *Ward v. Est. of Cook ex rel. Cook*, 294 So. 3d 1252, 1262 (¶29) (Miss. Ct. App. 2020); *accord* M.R.A.P. 28(a)(7).

¶21.    As for the photographs of the porch, Strawn admitted in his deposition that he took the photographs "days or weeks" after the accident.  Strawn also testified that he took the

---

[2] Pursuant to Rule 26(b)(4)(A), a party's expert witness designation must

> state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion: the facts or data considered by the witness in forming the opinions[;], . . . the witness's qualifications, including a list of all publications authored by the witness in the previous ten years; a list of cases in which, during the previous ten years, the witness testified as an expert at trial or by deposition; and, for retained experts, a statement of the compensation to be paid for the study and testimony in the case.

M.R.C.P. 26(b)(4)(A)(i)-(ii).

photographs from inside his vehicle. In one photograph, a potted plant is covering the spot on the porch where Strawn fell. No other defects or dangerous conditions are obvious from the photograph. The second photograph, taken from the front of the building, shows a slight dip under the porch, but the dip appears to be part of the ramp and shows no obvious sign of rot or decay.

¶22. Strawn also admitted during his deposition that he did not notice any defect or rotten wood on the porch prior to his fall. Additionally, Strawn stated that he did not know if Southern Roots had notice or knowledge of any defect or rotten wood on the spot on the porch where he fell. Strawn testified that Phifer never expressed to him any knowledge about an issue with the spot on the porch. Strawn further admitted that he did not know how long the alleged condition on the porch existed.

¶23. Phifer testified in her deposition that she and her co-owner opened Southern Roots in 2018, just two years before Strawn's accident. Phifer explained that after she acquired the property, she hired licensed carpenters to make repairs to the porch and replace rotten boards. Specifically, Phifer testified that the carpenters "replaced what they thought needed to be replaced." After repairing the necessary boards, the carpenters then painted the entire porch. Phifer testified that after completing the repair work and prior to opening the salon, both the City of New Albany and the Mississippi State Board of Cosmetology inspected the premises. Phifer's testimony reflects that she was not aware of any existing defects on the porch or with the boards; in fact, her testimony shows she believed that any defective issues were remedied by the carpenters prior to opening the salon.

¶24. On the morning of the hearing, Strawn produced a screenshot of a text message conversation purportedly between Phifer and his wife. In the text message, Phifer inquired about Strawn's condition after his injury. Strawn's wife wrote, "You are a sweetheart. He just hates he messed up your ramp. Have a good day!!!" Phifer responded, "That ramp needs to be replaced. That's the least of my worries. I just want him to be ok." On appeal, Southern Roots argues that the text message does not establish pre-incident knowledge of a defect or dangerous condition. We agree.

¶25. After viewing the evidence in the light most favorable to Strawn, we find that he did not demonstrate a genuine issue of whether Southern Roots had actual knowledge of a dangerous condition—or should have known of the danger from a past history of accidents—and failed to warn Strawn of that condition. Instead, nothing shows Southern Roots possessed actual knowledge of a dangerous condition and had sufficient time to warn invitees of the condition.

¶26. We also find that Strawn failed to provide sufficient evidence to establish that Southern Roots had imputed awareness of any defects on its porch. "Constructive knowledge is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." *Anderson v. SW Gaming LLC*, 387 So. 3d 99, 107 (¶35) (Miss. Ct. App. 2024). To establish constructive knowledge, Strawn would have to produce admissible evidence of the length of time that the hazard existed. *Id.*

¶27. Strawn argues that the condition of the porch would have been obvious upon a

reasonable inspection of the premises. As stated, premises owners have "[a] duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Wilbanks*, 198 So. 3d at 397 (¶12). However, even if an owner fails to conduct a reasonable inspection, the owner's liability is limited as follows:

> There is no liability . . . for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such a duration that the jury may reasonably conclude that due care would have discovered it.

*Jones v. Imperial Palace of Miss. LLC*, 147 So. 3d 318, 321-22 (¶14) (Miss. 2014). The supreme court has explained that "the issue of reasonable inspections becomes important where evidence of the duration of the hazard has been produced, so that the jury may conclude that the inspections would have led to timely discovery of the hazard." *Id.* at 322 (¶16).

¶28. Here, Strawn failed to present any evidence to show how long the porch was defective. He claims that because Southern Roots allegedly knew the porch was defective in 2018, they should know that it was defective at the time of the accident. However, Phifer's deposition testimony refutes this claim. As stated, Phifer testified that upon purchasing the building in 2018, the owners paid carpenters to repair and replace any rotten or defective boards on the porch.

¶29. To clarify, Southern Roots "carr[ies] the initial burden of *persuading* the [circuit court] that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts." *Karpinsky*, 109 So. 3d at 89 (¶13). However, Strawn

11

"carries the burden of *producing* sufficient evidence of the essential elements of [his] claim at the summary-judgment stage, as [he] would carry the burden of production at trial." *Id*. After viewing the evidence in the light most favorable to Strawn, we find that he failed to meet his burden of producing sufficient evidence to establish the breach-of-duty element essential for his premises-liability claim.

**CONCLUSION**

¶30.    Strawn failed to present sufficient evidence to show that Southern Roots either created the dangerous condition on the porch or that Southern Roots possessed actual or constructive knowledge of the dangerous condition.  Accordingly, the circuit court's grant of summary judgment in favor of Southern Roots was proper, and we affirm.

¶31.    **AFFIRMED.**

**BARNES, C.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  WILSON, P.J., AND McDONALD, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**